**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **SHAWN KLAAS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Cause No.:** |
| vs. ) | |
| ) | |
| **AMERICARE SYSTEMS, INC.,** ) | |
| Serve: ) | |
| CT Corporation Systems ) | **JURY TRIAL DEMANDED** |
| 120 South Central Avenue ) | |
| Clayton, MO 63105 ) | |
| ) | |
| And, ) | |
| ) | |
| **ST. CHARLES ASSISTED LIVING, LLC** ) | |
| Serve: ) | |
| CT Corporation Systems ) | |
| 120 South Central Avenue ) | |
| Clayton, MO 63105 ) | |
| ) | |
| **Defendant.** ) | |

**PLAINTIFF'S COMPLAINT**

COMES NOW, Plaintiff Shawn Klaas, (hereinafter "Plaintiff") by and through his attorneys, and for his Complaint, against Defendant Americare Systems, Inc. ("ASI") and Defendant St. Charles Assisted Living, LLC ("SCAL") states the following:

**NATURE OF THE ACTION**

1. Count I of this Complaint is authorized and instituted under the Missouri Human Rights Act (MHRA), Chapter 213 of the Missouri Revised Statutes. Count II of this Complaint is authorized and instituted under 42 U.S.C. § 2000e, *et seq*., of Title VII of the Civil Rights Act of 1964, as amended. Count III of this First Amended Complaint is authorized and instituted

1

under Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq.

## THE PARTIES

2. Plaintiff, Shawn Klaas is an individual who is and was at all times herein after mentioned, a resident of the State of Missouri.

3. Defendant Americare Systems, Inc.("ASI") is a Missouri domestic corporation whose headquarters is in Sikeston, Missouri.

4. Defendant St. Charles Assisted Living, LLC ("SCAL") is a liability company that at all relevant times herein conducted business within Saint Charles County, Missouri.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 and 1343.

6. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to Title 28, United States Code, Section 1367.

7. This Court also has jurisdiction over Plaintiff' claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Venue over Plaintiff' claims is proper in the Eastern District of Missouri because Defendants reside in the Eastern District of Missouri within the meaning of 28 U.S.C. § 1391 and because the events, acts, and omissions giving rise to Plaintiff's claims occurred in the Eastern District of Missouri.

9. Plaintiff timely filed a charge of discrimination against each defendant on or about September 23, 2020 with the Missouri Commission on Human Rights ("MCHR") which were dually filed with the Equal Employment Opportunity Commission ("EEOC").

10. Plaintiff was issued a Notice of Right to Sue from the MCHR on March 22, 2021 for each defendant.

11. Plaintiff was issued a Notice of Right to Sue from the EEOC on or about April 1. 2021.

## FACTS COMMON TO ALL COUNTS

12. Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of his Complaint.

13. Americare Systems, Inc. ("ASI") owns and operates numerous assisted living facilities throughout the Midwest.

14. Plaintiff began working for Americare Systems approximately three years ago at their location in Troy, Missouri, known as Sugar Creek Assisted Living.

15. Plaintiff left Americare after approximately one year.

16. Plaintiff returned to work for Americare Systems in July of 2019 as a Level I Med Aid at their Chestnut Glen Senior Living facility in Saint Peters, Missouri, which was operated by their subsidiary St. Charles Assisted Living, LLC.

17. Plaintiff was paid through SCAL, however he reported to managers in the ASI corporate office including ASI's Regional Operations Director Cody and ASI's Vice President of Assisted Living Division Michael Hammond.

18. ASI Vice President James E. Reiker is also the manager of SCAL and has acted as authorizing agent for both companies for filings submitted to the Missouri Secretary of State.

19. Defendants ASI and SCAL share the same management.

20. Defendants ASI and SCAL share common ownership.

21. Defendants ASI and SCAL had interrelated operations, common management, centralized control of labor relationship and common ownership at all times relevant herein.

22. Defendants ASI and SCAL exercised control over Plaintiff as a single employer or in the alternative were the dual employers of Plaintiff.

23. Plaintiff was promoted to Program Manager after several months.

24. Plaintiff was recruited to be on the COVID Unit in early 2020.

25. Plaintiff's tasks with the COVID Unit involved traveling to various ASI facilities and designing and setting up cohort units for the treatment of those with COVID-19.

26. Plaintiff worked at numerous ASI facilities in his duties on the COVID Unit including:

   a. Chestnut Terrace II Memory Care Assisted Living,

   b. Centennial Pointe Senior Living,

   c. Adams Ponte Senior Living.

27. Plaintiff also acted as program manager at other facilities owned and operated by ASI including:

   a. Chestnut Terrace II Memory Care Assisted Living,

   b. Centennial Pointe Senior Living,

   c. Adams Ponte Senior Living.

28. Plaintiff was the trainer for the Deputy Staff Software for numerous facilities owned and operated by ASI including:

   a. Sugar Creek Senior Living,

      b.  Mattis Point Senior Living,

      c.  Centennial Senior Living,

      d.  Chestnut Glen Senior Living,

      e.  Spencer Place Senior Living,

      f.  Adams Point Senior Living,

      g.  Parkway Gardens Senior Living.

29.    Plaintiff's position on the COVID Unit paid approximately $5.00 per hour more than his previous position and was a more desirable position for Plaintiff.

30.    Plaintiff returned to the Chestnut Glen facility in July 2020.

31.    The Administrator Colleen Hannibal and the Director of Nursing Tonya Whitman treated Plaintiff differently after he returned, including avoiding Plaintiff and refusing to speak with him, commonly referred to as the silent treatment.

32.    Tonya yelled at Plaintiff because he checked on his patients which was part of his duties.

33.    Plaintiff attempted to discuss with them why they were treating him differently and avoiding him, but they would not speak with him.

34.    Plaintiff returned to the COVID Unit on or about July 20, 2020 where he worked at the ASI Adams Point facility.

35.    On or about August 3, 2020, Plaintiff was informed by ASI's Regional Operations Director Cody Williams that Williams was told by ASI's Vice President of Assisted Living Division Michael Hammond that Plaintiff could not be on the COVID Unit because he was human immunodeficiency virus ("HIV") positive.

5

36. Michael Hammond and other ASI and SCAL managers and employees discussed Plaintiff's assumed medical condition with other employees of ASI and SCAL.

37. Plaintiff does not have HIV.

38. Plaintiff is a homosexual male.

39. Defendants ASI and SCAL and their managers and employees regarded Plaintiff as having the HIV impairment.

40. Defendants ASI and SCAL and their managers and employees regarded Plaintiff as having the HIV impairment because he is a homosexual male.

41. Defendants ASI and SCAL and their managers and employees avoided Plaintiff and gave him the silent treatment because they regarded him as having HIV and because he is a gay man.

42. Defendants ASI and SCAL and their managers and employees removed Plaintiff from his position with the COVID Unit because they regarded him as having HIV because they regarded him as having HIV and because he is a gay man.

43. Defendants ASI and SCAL and their managers and employees segregated, harassed and created a hostile working environment against Plaintiff because he is a homosexual male and because they regarded him as having the HIV impairment.

44. Plaintiff became constructively discharged and resigned his position on or about August 17, 2020 because it became apparent to him that management no longer supported him and because his working conditions became intolerable due to the silent treatment from managers.

45. ASI's Regional Operations Director Cody Williams told Plaintiff that he believed ASI had treated Plaintiff unfairly and unlawfully and Williams wrote a statement condemning ASI's actions.

## **COUNT I – VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT**

46. Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of his Complaint.

47. At all relevant times herein, Defendants ASI and SCAL were each an employer as defined by the MHRA.

48. Plaintiff is a member of the class of people intended to be protected by the Missouri Human Rights Act, including, section 213.010, *et seq.*

49. Defendants ASI and SCAL harassed Plaintiff, created a hostile working environment against Plaintiff, discussed Plaintiff's medical condition, changed Plaintiff's position, lowered Plaintiff's wage and constructively discharged Plaintiff because Plaintiff is a homosexual male and because they regarded him as having HIV.

50. Defendants ASI and SCAL limited, segregated, or classified Plaintiff in a way which would deprive or tend to deprive him of employment opportunities or otherwise adversely affect his status as an employee, because of his sex, and perceived disability.

51. The Defendant constructively discharged and discriminated against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment, because of his sex, and perceived disability.

52. Plaintiff's sex, and perceived disability were the motivating factor in Defendants' discrimination and actions against Plaintiff.

7

53. Plaintiff has suffered financial loss including but not limited to lost wages and benefits, incurred attorney fees and costs, decreased business opportunities, emotional pain, suffering, inconvenience, loss of enjoyment of life as a result of the actions of the Defendant.

54. The Defendant's articulated reasons for its actions were pretexts for unlawful actions.

55. The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff's rights.

56. The Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

**WHEREFORE**, the Plaintiff Shawn Klaas pray this court after a trial by jury, for which a jury is hereby demanded, to find that Defendant Americare Systems, Inc. ("ASI") and Defendant St. Charles Assisted Living, LLC have violated the rights of the Plaintiff as set forth above; That a Judgment be entered ordering Defendant Americare Systems, Inc. ("ASI") and Defendant St. Charles Assisted Living, LLC to make Plaintiff whole for the loss of income he has suffered as a result of the unlawful acts of discrimination, and retaliation, including back pay from the time of the unlawful discrimination, and retaliation with interest thereon and fringe benefits, front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, to reinstate Plaintiff or in the alternative award front pay, to award punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $75,000.00; Allow

Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; Grant such additional and affirmative relief as the Court may deem just and proper.

## COUNT II – VIOLATIONS UNDER TITLE VII OF 42 U.S.C SECTION 2000E OF THE CIVIL RIGHTS ACT OF 1964

57. Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of his Complaint.

58. The Defendants ASI and SCAL are each an employer as defined by 42 U.S.C. § 2000e.

59. Plaintiff is a member of the class of people intended to be protected under 42 U.S.C. § 2000e, *et seq.*, of Title VII of the Civil Rights Act of 1964, as amended.

60. Defendants ASI and SCAL intentionally engaged in unlawful employment practices in violation of 42 U.S.C. § 2000e, *et seq.*, of Title VII of the Civil Rights Act of 1964, as amended, by practices including but not limited to the following:

   a. harassing Plaintiff,

   b. creating a hostile working environment against Plaintiff,

   c. discussing Plaintiff's medical condition,

   d. changing Plaintiff's position,

   e. lowering Plaintiff's wage,

   f. constructively discharging Plaintiff.

61. The actions of Defendants ASI and SCAL were motivated by Plaintiff's sex.

62. As a direct and proximate result of these unlawful employment practices, Plaintiff has suffered losses of wages, benefits, experience, and career advancement and also have suffered mental anguish and humiliation and incurred attorney fees.

63. Because of these damages, Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to reinstatement, lost wages, and benefits in accordance with the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(g).

**WHEREFORE**, the Plaintiff Shawn Klaas pray this court after a trial by jury, for which a jury is hereby demanded, to find that Defendant Americare Systems, Inc. ("ASI") and Defendant St. Charles Assisted Living, LLC have violated the rights of the Plaintiff as set forth above; That a Judgment be entered ordering Defendant Americare Systems, Inc. ("ASI") and Defendant St. Charles Assisted Living, LLC to make Plaintiff whole for the loss of income he has suffered as a result of the unlawful acts of discrimination, and retaliation, including back pay from the time of the unlawful discrimination, and retaliation with interest thereon and fringe benefits, front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, to reinstate Plaintiff or in the alternative award front pay, to award punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $75,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; Grant such additional and affirmative relief as the Court may deem just and proper.

### COUNT III -- VIOLATIONS UNDER TITLE I OF THE AMERICANS WITH DISABILITIES ACT  OF 1990 – 42 U.S.C. 12101

64. Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her First Amended Complaint.

65. At all relevant times herein, the Defendants ASI and SCAL was an employer as defined by the Americans with Disabilities Act of 1990, as amended.

66. Defendants ASI and SCAL regarded Plaintiff as being disabled as defined under the Americans with Disabilities Act of 1990.

67. Plaintiff is a member of the class of people intended to be protected by the Americans with Disabilities Act of 1990, as amended.

68. Defendants ASI and SCAL intentionally engaged in unlawful employment practices in violation of 42 U.S.C. § 12101, *et seq.*, of Title I of the Americans with Disabilities Act of 1990, as amended, by practices including but not limited to the following:

   a. harassing Plaintiff,

   b. creating a hostile working environment against Plaintiff,

   c. discussing Plaintiff's medical condition,

   d. changing Plaintiff's position,

   e. lowering Plaintiff's wage,

   f. constructively discharging Plaintiff.

69. As a direct and proximate result of these unlawful employment practices, Plaintiff has suffered losses of wages, benefits, experience, and career advancement, incurred attorney fees and also have suffered mental anguish and humiliation.

92. Because of these damages, Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to reinstatement, lost wages, and benefits in accordance with the provisions of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.*

**WHEREFORE**, the Plaintiff Shawn Klaas pray this court after a trial by jury, for which a jury is hereby demanded, to find that Defendant Americare Systems, Inc. ("ASI") and Defendant St. Charles Assisted Living, LLC have violated the rights of the Plaintiff as set forth

above; That a Judgment be entered ordering Defendant Americare Systems, Inc. ("ASI") and Defendant St. Charles Assisted Living, LLC to make Plaintiff whole for the loss of income he has suffered as a result of the unlawful acts of discrimination, and retaliation, including back pay from the time of the unlawful discrimination, and retaliation with interest thereon and fringe benefits, front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, to reinstate Plaintiff or in the alternative award front pay, to award punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $75,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; Grant such additional and affirmative relief as the Court may deem just and proper.

## **DEMAND FOR A JURY TRIAL**

Plaintiff, through counsel, respectfully requests a trial by jury on all issues.

Respectfully submitted,

**KASPER LAW FIRM, LLC**

By: */s/ Kevin Kasper*
Kevin J. Kasper, #52171
Ryan P. Schellert, #56710
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: KevinKasper@KasperLawFirm.net
Email: RyanSchellert@KasperLawFirm.net

*ATTORNEYS FOR PLAINTIFF*